
Dilly, Stephen

**Render Development -- Land Development, Acquisition & Financing**

5120 Edina Industrial Blvd., Edina, MN 55439; phone: 952-844-1555; fax: 952-844-1520; JDRender@aol.com

Render Development
5120 Edina Industrial Blvd.
Edina, MN 55439
952-844-1555

January 29, 2012

To Whom It May Concern:

EWR Services, LLC has a cash/credit line available with my lending company. Furthermore, this letter is to confirm that EWR Services, LLC has the available balance to purchase the property:

3214 Tyler St. NE
Minneapolis, MN 55418

Purchase Price: $81,000

The property must have a free and clean title, but the loan will not require an inspection or an appraisal.

Thank you,

James D. Render
JDRender@aol.com
952-844-1555

10-40537

# PURCHASE AGREEMENT

This form approved by the Minnesota Association of REALTORS®, which disclaims any liability arising out of use or misuse of this form. © 2011 Minnesota Association of REALTORS®, Edina, MN

1. Date 1/30/2012

RECEIVED OF EWR SERVICES LLC A SINGLE MEMBER LLC LICENSED + DOING BUSINESS IN THE STATE OF MINNESOTA the sum of FIVE HUNDRED Dollars ($ 500 ) by ☒ CHECK ☐ CASH ☐ NOTE (Check one.) as earnest money to be deposited upon Final Acceptance of Purchase Agreement by all parties, on or before the third Business Day after Final Acceptance, in the trust account of listing broker, unless otherwise agreed to in writing, but to be returned to Buyer if Purchase Agreement is not accepted by Seller.

Said earnest money is part payment for the purchase of the property located at

Street Address: 3214 TYLER ST NE

City of MINNEAPOLIS, County of HENNEPIN,

State of Minnesota, legally described as LOT 012 BLOCK 004 CHUTE BROS. 1ST ADDN to City of Mpls

including all fixtures on the following property, if any, owned by Seller and used and located on said property, including but not limited to garden bulbs, plants, shrubs and trees; storm sash, storm doors, screens and awnings; window shades, blinds, traverse and curtain and drapery rods; attached lighting fixtures and bulbs; plumbing fixtures, water heater, heating plants (with any burners, non-fuel tanks, stokers and other equipment used in connection therewith), built-in air-conditioning equipment, electronic air filter, water softener ☐ OWNED ☐ RENTED ☒ NONE, (Check one.) built-in humidifier and dehumidifier, liquid fuel tank(s) ☐ OWNED ☐ RENTED ☒ NONE (Check one.) and controls (if the property of Seller), sump pump; attached television antenna, cable TV jacks and wiring; **BUILT-INS:** dishwashers, garbage disposals, trash compactors, ovens, cook-top stoves, microwave ovens, hood fans, intercoms; **ATTACHED:** carpeting; mirrors; garage door openers and all controls; smoke detectors; fireplace screens, doors and heatilators; **AND** the following personal property: APPLIANCES AS SEEN ON 1/27/2012

N/A

N/A

N/A

all of which property Seller has this day agreed to sell to Buyer for sum of ($ 81,000 )

EIGHTY-ONE THOUSAND Dollars,

which Buyer agrees to pay in the following manner:

1. Cash of 0 percent (%) of the sale price, or more in Buyer's sole discretion, which includes the earnest money; PLUS
2. Financing of 100 percent (%) of the sale price, which will be the total amount secured against this property to fund this purchase.

**Such financing shall be** *(check one)* ☒ **a first mortgage;** ☐ **a contract for deed; or** ☐ **a first mortgage with subordinate financing,** as described in the attached *Addendum:*

☒ ***Conventional*** ☐ ***FHA*** ☐ ***DVA*** ☐ ***Assumption*** ☐ ***Contract for Deed*** ☐ **Other:** ______ (Check one.)

**The date of closing shall be** 3/23, 2012, OR SOONER IF TITLE WORK COMPLETE

Property located at 3214 Tyler St NE.

This Purchase Agreement ☐ IS ☒ IS NOT subject to a *Contingency Addendum* for sale of Buyer's property. (Check one.)

(If answer is **IS**, see attached *Addendum*.)

(If answer is **IS NOT**, the closing of Buyer's property, if any, may still affect Buyer's ability to obtain financing, if financing is applicable.)

This Purchase Agreement ☐ IS ☒ IS NOT subject to cancellation of a previously written purchase agreement (Check one.) dated ______, 20 ____.

(If answer is **IS**, said cancellation shall be obtained no later than ______, 20 ____. If said cancellation is not obtained by said date, this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.)

Buyer has been made aware of the availability of property inspections. Buyer ☐ **Elects** ☒ **Declines** (Check one.) to have a property inspection performed at Buyer's expense.

This Purchase Agreement ☐ IS ☒ IS NOT subject to an *Inspection Contingency Addendum*. (Check one.)

(If answer is **IS**, see attached *Addendum*.)

**DEED/MARKETABLE TITLE:** Upon performance by Buyer, Seller shall deliver a

☒ **Warranty Deed** or ☐ **Other:** ______ (Check one.) **Deed** joined in by spouse, if any, conveying marketable title, subject to

(a) building and zoning laws, ordinances, and state and federal regulations;
(b) restrictions relating to use or improvement of the property without effective forfeiture provisions;
(c) reservation of any mineral rights by the State of Minnesota;
(d) utility and drainage easements which do not interfere with existing improvements;
(e) **rights of tenants as follows** (unless specified, not subject to tenancies): N/A ______; and
(f) others (must be specified in writing): N/A ______

Seller shall pay on the date of closing all real estate taxes due and payable in all prior years including all penalties and interest.

☐ **BUYER SHALL PAY** ☒ **SELLER SHALL PAY** (Check one.) on date of closing any deferred real estate taxes (e.g., Green Acres) or special assessments, payment of which is required as a result of the closing of this sale.

☐ **BUYER AND SELLER SHALL PRORATE AS OF THE DATE OF CLOSING** ☒ **SELLER SHALL PAY ON DATE OF CLOSING** (Check one.) all installments of special assessments certified for payment, with the real estate taxes due and payable in the year of closing.

☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PAY** (Check one.) on date of closing all other special assessments levied as of the date of this Purchase Agreement.

☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PROVIDE FOR PAYMENT OF** (Check one.) special assessments pending as of the date of this Purchase Agreement for improvements that have been ordered by any assessing authorities. (Seller's provision for payment shall be by payment into escrow of two (2) times the estimated amount of the assessments or less, as required by Buyer's lender.)

Property located at 3214 Tyler ST NE.

Buyer shall pay any unpaid special assessments payable in the year following closing and thereafter, the payment of which is not otherwise herein provided.

As of the date of this Purchase Agreement, Seller represents that Seller ☐ HAS ☒ HAS NOT received a notice (Check one.) regarding any new improvement project from any assessing authorities, the costs of which project may be assessed against the property. Any such notice received by Seller after the date of this Purchase Agreement and before closing shall be provided to Buyer immediately. If such notice is issued after the date of this Purchase Agreement and on or before the date of closing, then the parties may agree in writing, on or before the date of closing, to pay, provide for the payment of or assume the special assessments. In the absence of such agreement, either party may declare this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.

Buyer shall pay ☒ **PRORATED FROM DAY OF CLOSING** ☐ ______ **12ths OF** ☐ **ALL** ☐ **NO** real estate taxes due (Check one.) and payable in the year 20 12.

Seller shall pay ☒ **PRORATED TO DAY OF CLOSING** ☐ ______ **12ths OF** ☐ **ALL** ☐ **NO** real estate taxes due and (Check one.) payable in the year 20 12. If the closing date is changed, the real estate taxes paid shall, if prorated, be adjusted to the new closing date. Seller warrants taxes due and payable in the year 20 12 shall be ☒ **FULL-** ☐ **PART-** ☐ **NON-** (Check one.) homestead classification.

**If part- or non-homestead classification is checked,** Seller agrees to pay Buyer at closing $ Difference toward the non-homestead real estate taxes. Buyer agrees to pay any remaining balance of non-homestead taxes when they become due and payable. Buyer shall pay real estate taxes due and payable in the year following closing and thereafter, the payment of which is not otherwise herein provided. No representations are made concerning the amount of subsequent real estate taxes.

**POSSESSION:** Seller shall deliver possession of the property no later than Immediately after closing. Seller agrees to remove ALL DEBRIS AND ALL PERSONAL PROPERTY NOT INCLUDED HEREIN from the property by possession date.

**PRORATIONS:** All interest; unit owners' association dues; rents; and charges for city water, city sewer, electricity and natural gas shall be prorated between the parties as of date of closing. Buyer shall pay Seller for remaining gallons of fuel oil or liquid petroleum gas on the day of closing, at the rate of the last fill by Seller.

**TITLE AND EXAMINATION:** As quickly as reasonably possible after Final Acceptance of this Purchase Agreement:

(a) Seller shall surrender any abstract of title and a copy of any owner's title insurance policy for the property, if in Seller's possession or control, to Buyer or Buyer's designated title service provider; and

(b) Buyer shall obtain the title services determined necessary or desirable by Buyer or Buyer's lender, including but not limited to title searches, title examinations, abstracting, a title insurance commitment or an attorney's title opinion at Buyer's selection and cost and provide a copy to Seller.

Seller shall use Seller's best efforts to provide marketable title by the date of closing. Seller agrees to pay all costs and fees necessary to convey marketable title including obtaining and recording all required documents, subject to the following:

In the event Seller has not provided marketable title by the date of closing, Seller shall have an additional 30 days to make title marketable, or in the alternative, Buyer may waive title defects by written notice to Seller. In addition to the 30-day extension, Buyer and Seller may, by mutual agreement, further extend the closing date. Lacking such extension, either party may declare this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.

Property located at 3214 Tyler St NE.

**SUBDIVISION OF LAND:** If this sale constitutes or requires a subdivision of land owned by Seller, Seller shall pay all subdivision expenses and obtain all necessary governmental approvals. Seller warrants that the legal description of the real property to be conveyed has been or shall be approved for recording as of the date of closing. Seller warrants that the buildings are or shall be constructed entirely within the boundary lines of the property. Seller warrants that there is a right of access to the property from a public right-of-way. These warranties shall survive the delivery of the deed or contract for deed.

**MECHANIC'S LIENS:** Seller warrants that prior to the closing, payment in full will have been made for all labor, materials, machinery, fixtures or tools furnished within the 120 days immediately preceding the closing in connection with construction, alteration or repair of any structure on, or improvement to, the property.

**NOTICES:** Seller warrants that Seller has not received any notice from any governmental authority as to condemnation proceedings, or violation of any law, ordinance or regulation. If the property is subject to restrictive covenants, Seller warrants that Seller has not received any notice from any person or authority as to a breach of the covenants. Any such notices received by Seller shall be provided to Buyer immediately.

**DIMENSIONS:** Buyer acknowledges any dimensions, square footage or acreage of land or improvements provided by Seller or broker may be approximate. Some information may have been provided by third parties and information may be reliable but not guaranteed. Buyer shall verify the accuracy of information to Buyer's satisfaction, if material, at Buyer's sole cost and expense.

**ACCESS:** Seller agrees to allow reasonable access to the property for performance of any surveys or inspections agreed to herein.

**RISK OF LOSS:** If there is any loss or damage to the property between the date hereof and the date of closing for any reason, including fire, vandalism, flood, earthquake or act of God, the risk of loss shall be on Seller. If the property is destroyed or substantially damaged before the closing date, this Purchase Agreement is canceled, at Buyer's option, by written notice to Seller or licensee representing or assisting Seller. If Buyer cancels this Purchase Agreement, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.

**TIME OF ESSENCE:** Time is of the essence in this Purchase Agreement.

**ENTIRE AGREEMENT:** This Purchase Agreement, any attached exhibits and any addenda or amendments signed by the parties shall constitute the entire agreement between Seller and Buyer and supersedes any other written or oral agreements between Seller and Buyer. This Purchase Agreement can be modified or canceled only in writing signed by Seller and Buyer or by operation of law. The parties agree the electronic signature of any party on any document related to this transaction constitute valid, binding signatures. All monetary sums are deemed to be United States currency for purposes of this Purchase Agreement. Buyer or Seller may be required to pay certain closing costs, which may effectively increase the cash outlay at closing or reduce the proceeds from the sale.

**FINAL ACCEPTANCE:** To be binding, this Purchase Agreement must be fully executed by both parties and a copy must be delivered.

**CALCULATION OF DAYS:** Any calculation of days begins on the first day (calendar or Business Days as specified) following the occurrence of the event specified and includes subsequent days (calendar or Business Days as specified) ending at 11:59 P.M. on the last day.

**BUSINESS DAYS:** "Business Days" are days which are not Saturdays, Sundays or state or federal holidays unless stated elsewhere by the parties in writing.

**DEFAULT:** If Buyer defaults in any of the agreements hereunder, Seller may terminate this Purchase Agreement under the provisions of MN Statute 559.21. If either Buyer or Seller defaults in any of the agreements hereunder or there exists an unfulfilled condition after the date specified for fulfillment, either party may cancel this Purchase Agreement under MN Statute 559.217, Subd. 3. Whenever it is provided herein that this Purchase Agreement is canceled, said language shall be deemed a provision authorizing a Declaratory Cancellation under MN Statute 559.217, Subd. 4.

If this Purchase Agreement is not canceled or terminated as provided hereunder, Buyer or Seller may seek actual damages for breach of this Purchase Agreement or specific performance of this Purchase Agreement; and, as to specific performance, such action must be commenced within six (6) months after such right of action arises.

The Realty House

**PURCHASE AGREEMENT**

 Date 1/30/2012

Property located at 3214 Tyler St. NE.

**NOTICE REGARDING PREDATORY OFFENDER INFORMATION: Information regarding the predatory offender registry and persons registered with the predatory offender registry under MN Statute 243.166 may be obtained by contacting the local law enforcement offices in the community where the property is located or the Minnesota Department of Corrections at (651) 361-7200, or from the Department of Corrections web site at www.corr.state.mn.us.**

**HOME PROTECTION/WARRANTY PLAN:** Buyer and Seller are advised to investigate the various home protection/warranty plans available for purchase. Different home protection/warranty plans have different coverage options, exclusions, limitations and service fees. Most plans exclude pre-existing conditions. *(Check one.)*

☐ A Home Protection/Warranty Plan will be obtained and paid by ☐ **BUYER** ☐ **SELLER** *(Check one.)* to be issued by ______ ______ at a cost not to exceed $ ______.

☒ There will be no Home Protection/Warranty Plan as part of this Agreement.

**ENVIRONMENTAL CONCERNS:** To the best of Seller's knowledge, there are no hazardous substances or underground storage tanks except herein noted: N/A

*(Check appropriate boxes.)*

SELLER WARRANTS THAT THE PROPERTY IS EITHER DIRECTLY OR INDIRECTLY CONNECTED TO:

**CITY SEWER** ☒ **YES** ☐ **NO** / **CITY WATER** ☒ **YES** ☐ **NO**

**SUBSURFACE SEWAGE TREATMENT SYSTEM**

SELLER CERTIFIES THAT SELLER ☐ **DOES** ☒ **DOES NOT** *(Check one.)* KNOW OF A SUBSURFACE SEWAGE TREATMENT SYSTEM ON OR SERVING THE PROPERTY. (If answer is **DOES**, and the system does not require a state permit, see *Subsurface Sewage Treatment System Disclosure Statement.*)

**PRIVATE WELL**

SELLER CERTIFIES THAT SELLER ☐ **DOES** ☒ **DOES NOT** *(Check one.)* KNOW OF A WELL ON OR SERVING THE PROPERTY. (If answer is **DOES** and well is located on the property, see *Well Disclosure Statement.*)

THIS PURCHASE AGREEMENT ☐ **IS** ☒ **IS NOT** *(Check one.)* SUBJECT TO A *SUBSURFACE SEWAGE TREATMENT SYSTEM AND WELL INSPECTION CONTINGENCY ADDENDUM.* (If answer is **IS**, see attached *Addendum.*)

**IF A WELL OR SUBSURFACE SEWAGE TREATMENT SYSTEM EXISTS ON THE PROPERTY, BUYER HAS RECEIVED A *WELL DISCLOSURE STATEMENT* AND/OR A *SUBSURFACE SEWAGE TREATMENT SYSTEM DISCLOSURE STATEMENT.***

Property located at 3214 Tyler St NE

SELLER WARRANTS THAT CENTRAL AIR-CONDITIONING, HEATING, PLUMBING AND WIRING SYSTEMS USED AND LOCATED ON SAID PROPERTY SHALL BE IN WORKING ORDER ON DATE OF CLOSING, EXCEPT AS NOTED IN THIS PURCHASE AGREEMENT.

**BUYER HAS THE RIGHT TO A WALK-THROUGH REVIEW OF THE PROPERTY PRIOR TO CLOSING TO ESTABLISH THAT THE PROPERTY IS IN SUBSTANTIALLY THE SAME CONDITION AS OF THE DATE OF THIS PURCHASE AGREEMENT.**

BUYER ☒ HAS ☐ HAS NOT *(Check one.)* RECEIVED A *SELLER'S PROPERTY DISCLOSURE STATEMENT* OR A *SELLER'S DISCLOSURE ALTERNATIVES* FORM.

**BUYER HAS RECEIVED THE INSPECTION REPORTS, IF REQUIRED BY MUNICIPALITY.**

**SELLER AGREES TO NOTIFY BUYER IMMEDIATELY IN WRITING OF ANY SUBSTANTIVE CHANGES FROM ANY PRIOR REPRESENTATIONS REGARDING THE PROPERTY.**

BUYER ACKNOWLEDGES THAT NO ORAL REPRESENTATIONS HAVE BEEN MADE REGARDING POSSIBLE PROBLEMS OF WATER IN BASEMENT OR DAMAGE CAUSED BY WATER ICE OR ICE BUILDUP ON ROOF OF THE PROPERTY.

**NOTICE**

Eric Wade Russell (Licensee) is ☐ Seller's Agent ☒ Buyer's Agent ☐ Dual Agent ☐ Facilitator. *(Check one.)*

The Realty House (Real Estate Company Name)

Joe Kasel (Licensee) is ☒ Seller's Agent ☐ Buyer's Agent ☐ Dual Agent ☐ Facilitator. *(Check one.)*

C.B. Burnett (Real Estate Company Name)

**THIS NOTICE DOES NOT SATISFY MINNESOTA STATUTORY AGENCY DISCLOSURE REQUIREMENTS.**

**DUAL AGENCY REPRESENTATION**

**PLEASE CHECK *ONE* OF THE FOLLOWING SELECTIONS:**

☒ Dual Agency representation ***DOES NOT*** apply in this transaction. *Do not complete lines 240–256.*

☐ Dual Agency representation ***DOES*** apply in this transaction. *Complete the disclosure in lines 241–256.*

Broker represents both the Seller(s) and the Buyer(s) of the property involved in this transaction, which creates a dual agency. This means that Broker and its salespersons owe fiduciary duties to both Seller(s) and Buyer(s). Because the parties may have conflicting interests, Broker and its salespersons are prohibited from advocating exclusively for either party. Broker cannot act as a dual agent in this transaction without the consent of both Seller(s) and Buyer(s). Seller(s) and Buyer(s) acknowledge that

(1) confidential information communicated to Broker which regards price, terms, or motivation to buy or sell will remain confidential unless Seller(s) or Buyer(s) instructs Broker in writing to disclose this information. Other information will be shared;

(2) Broker and its salespersons will not represent the interest of either party to the detriment of the other; and

(3) within the limits of dual agency, Broker and its salespersons will work diligently to facilitate the mechanics of the sale.

With the knowledge and understanding of the explanation above, Seller(s) and Buyer(s) authorize and instruct Broker and its salesperson to act as dual agents in this transaction.

Seller ______________________ Buyer ______________________

Seller ______________________ Buyer ______________________

Date ______________________ Date ______________________

The Realty House

**PURCHASE AGREEMENT**

257. Page 7 Date 1/30/2012

258. Property located at 3214 Tyler St. NE

259. OTHER: Buyer is Married to Selling Agent

260.

261.

262. **ADDENDA AND PAGE NUMBERING: Attached addenda are a part of this Purchase Agreement.**

263. **Enter total number of pages of this Purchase Agreement, including addenda, on line two (2) of page one (1).**

264. I, the owner of the property, accept this Purchase Agreement and authorize the listing broker to withdraw said property from the market, unless instructed otherwise in writing.
268. **I have reviewed all pages of this Purchase Agreement.**

I agree to purchase the property for the price and on the terms and conditions set forth above
**I have reviewed all pages of this Purchase Agreement.**

269. ☐ **If checked, this Purchase Agreement is subject to attached *Counteroffer Addendum*.**

| | Seller | Buyer |
|---|---|---|
| 271. | X ______ (Seller's Signature) (Date) | X Stephanie Russell 1/30/2012 (Buyer's Signature) (Date) |
| 272. | X ______ (Seller's Printed Name) | X STEPHANIE RUSSELL - EWR Services, LLC (Buyer's Printed Name) |
| 273. | X ______ (Marital Status) | X ______ (Marital Status) |
| 274. | X ______ (Seller's Signature) (Date) | X ______ (Buyer's Signature) (Date) |
| 275. | X ______ (Seller's Printed Name) | X ______ (Buyer's Printed Name) |
| 276. | X ______ (Marital Status) | X ______ (Marital Status) |

277. **FINAL ACCEPTANCE DATE:** The date on which the fully executed Purchase Agreement is delivered.

278. ______

279. **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
280. **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

281. **I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE *ARBITRATION DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT*, WHICH IS AN OPTIONAL, VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.**

284. **SELLER(S)** ______ **BUYER(S)** Stephanie Russell

285. **SELLER(S)** ______ **BUYER(S)** ______



# BUYER PURCHASING "AS IS" ADDENDUM

This form approved by the Minnesota Association of REALTORS®, which disclaims any liability arising out of use or misuse of this form.
© 2010 Minnesota Association of REALTORS®, Edina, MN

Date 1/30/2012

Page 8

Addendum to Purchase Agreement between parties, dated 1/30, 20 12, pertaining to the purchase and sale of the property at 3214 Tyler St NE

______________________________________________.

**DISCLOSURE REQUIRED:** Under Minnesota law, Sellers of residential property, except by waiver or with limited exceptions, are obligated to disclose to prospective Buyers all material facts of which Seller is aware that could adversely and significantly affect an ordinary Buyer's use or enjoyment of the property or any intended use of the property of which Seller is aware. Such a disclosure is not a warranty or a guarantee of any kind by Seller or licensee representing or assisting any party in the transaction. Seller agrees to notify Buyer immediately in writing of any substantive changes from any prior representations regarding the property.

*(Check appropriate box.)*

☐ Buyer has received and had an opportunity to review the *Seller's Property Disclosure Statement;*

or

☒ Buyer has received and had an opportunity to review the *Seller's Disclosure Alternatives* form.

**CONDITION OF PROPERTY:** The property being purchased by Buyer, including the dwelling, other improvements and fixtures, is not new and is being purchased "AS IS".

Buyer understands that the property, as defined above, will be purchased in the condition it is in at the time of Purchase Agreement. Buyer shall have the right to a walk-through review of the property prior to closing. To the extent there is a material change in the condition of the property arising between the date of the Purchase Agreement and the closing date, Seller shall be responsible for restoring the property to substantially the same condition it was in on the date of the Purchase Agreement, except that Seller shall have **NO OBLIGATION OR RESPONSIBILITY** to repair or replace central air-conditioning, heating, plumbing (including subsurface sewage treatment systems, unless otherwise required by law), wiring systems or wells on the property if they fail between the date of Purchase Agreement and the date of closing. This provision voids lines 214–216 of the Purchase Agreement.

**RISK OF LOSS:** The Risk of Loss provision in the Purchase Agreement is modified as follows. If there is any loss or damage to the property between the date of Purchase Agreement and the date of closing for any reason, including fire, vandalism, flood, earthquake or act of God, the risk of loss shall be on Seller except that Seller shall have **NO OBLIGATION OR RESPONSIBILITY** to repair or replace central air-conditioning, heating, plumbing (including subsurface sewage treatment systems, unless otherwise required by law), wiring systems or wells on the property if they fail between the date of Purchase Agreement and the date of closing. If the property is destroyed or substantially damaged before the closing date, this Purchase Agreement is canceled, at Buyer's option, by written notice to Seller or licensee representing or assisting Seller. If Buyer cancels this Purchase Agreement, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.

**RIGHT OF INSPECTION:** Buyer shall have the right to inspect the property or to have it inspected by a person of Buyer's choice, at Buyer's expense.

**THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
**IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

The Realty House

# BUYER PURCHASING "AS IS" ADDENDUM

Page 9

Property located at 3214 Tyler St. NE

**SETTLEMENT IS FINAL:** It is understood that Buyer accepts the property "AS IS." ANY WARRANTIES OF **PHYSICAL CONDITION** OF THE PROPERTY CONTAINED IN THIS PURCHASE AGREEMENT INCLUDING, BUT NOT LIMITED TO, CENTRAL AIR-CONDITIONING, HEATING, PLUMBING, WIRING, AND CONNECTION TO CITY SEWER AND CITY WATER ARE VOID. This provision shall survive delivery of the deed or contract for deed. All other warranties specified in the Purchase Agreement remain the same.

**OTHER:** N/A

_______________ (Seller) (Date)    Stephanie Russell 1/30/12 (Buyer) (Date) EWR Services LLC

_______________ (Seller) (Date)    _______________ (Buyer) (Date)

**THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S). IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

Minneapolis Truth in Sale of Housing

# ACKNOWLEDGEMENT OF RESPONSIBILITY

City of Minneapolis
Inspections Division
Truth in Sale of Housing
250 S. Fourth Street, Room 300
Minneapolis, MN 55415
(612) 673-5840
(612) 673-2437 fax
truthinhousing@ci.minneapolis.mn.us

Minneapolis Inspections Use Only

Date Received

Property Address: 3214 Tyler St. NE Zip Code: 55418

Date of Sale (Purchase Agreement): 1/30/2012 Closing Date: 3/23/12

A valid Truth in Sale of Housing Disclosure Report in the seller's name is required for this sale. The Minneapolis Truth in Sale of Housing Ordinance requires the buyer of the property to correct certain items as identified in a mandated housing evaluation, unless a Certificate of Approval (COA) has been issued to the seller of the property. This Acknowledgement of Responsibility form (AR) is required when a COA has not been issued. To verify that a valid Report and/or Certificate of Approval exist, go to http://www.ci.minneapolis.mn.us/propertyinfo/.

It is the joint responsibility of the buyer, buyer's agent, and closer to see that this form is correctly and completely filled out, and filed with the City within ONE business day of closing. Failure to comply is a misdemeanor.

SELLER(S) NAME ______

ADDRESS (CURRENT) ______

PHONE H ( ) ______ W ( ) ______

SELLER'S AGENT ______

ADDRESS ______

PHONE ( ) ______ FAX ( ) ______

SELLER'S CLOSER ______

TITLE CO ______

ADDRESS ______

PHONE ( ) ______ FAX ( ) ______

BUYER(S) NAME STEPHANIE RUSSELL
(NAME OF REPRESENTATIVE OF COMPANY, LLC, ETC.) EWR SERVICES LLC

ADDRESS (CURRENT) 3320 SKYCROFT DR St. Anthony MN 55418

PHONE H (612) 868-7444 W ( ) ______

Buyer moving into purchased property? Yes ☐ No ☒
(FOR FUTURE MAILINGS)

☒ Buyer has all checklists and handouts from Seller

☐ Please mail all handouts and checklists to Buyer

☐ Buyer will get all checklists and handouts from Web (http://www.ci.minneapolis.mn.us/propertyinfo/)

BUYER'S AGENT ERIC RUSSELL

ADDRESS 5120 EDINA INDUSTRIAL BLVD EDINA MN 55439

PHONE (612) 868-9555 FAX ( ) ______

BUYER'S CLOSER CARMEN JORGENSEN

TITLE CO LIBERTY TITLE

ADDRESS COON RAPIDS, MN

PHONE (763) 450-1632 FAX ( ) ______

## BUYER CONDITIONS OF RESPONSIBILITY

1. IMPORTANT INFORMATION FOR BUYERS: Buyers may wish to have an escrow account set up at closing to help ensure that the necessary funds are available to cover the cost of repairs. Discuss this with your closer, agent or other professional. NOTE: The City does not assume any responsibility or liability if Buyer's funds are not sufficient to cover costs.
2. Buyer agrees that the Buyer is responsible for correcting required Repair/Replace items as identified on the corresponding Truth-in-Sale-of Housing Disclosure Report, which is incorporated in this agreement. Effective Feb. 2, 2009, all Buyers who intend to use the property for rental must complete all required repairs on the Disclosure Report and submit the Buyer Certificate of Completion with the rental application.
3. If Seller agrees to make some of the repairs, Buyer agrees that this is a contractual agreement between Buyer and Seller and is not enforceable by the Minneapolis Inspections Division. It is therefore the Buyer's obligation to ensure that all required repairs are complete.
4. Buyer agrees to complete all repairs with 90 days of closing. Permit required repairs must be inspected by a City plumbing or mechanical inspector, or State electrical inspector. NOTE: Call the City inspector on the permit to schedule an inspection. You will need the permit number. Safety checks must be completed by a Minneapolis licensed plumbing or mechanical contractor, or State licensed electrical contractor. An evaluator must return to verify that non-permit required repair items have been corrected and meet the Truth in Sale of Housing guidelines.
5. In the event of Buyer's failure to comply with the conditions of this agreement, the City may exercise its rights under Ordinance Section 248.20 and 225 to enforce provisions of the ordinance by mandamus, injunction, or criminal misdemeanor charges.
6. In order to resell the property, buyers must complete the repairs, have them inspected and approved, then get a new Truth in Housing Report.

I have read this Acknowledgement of Responsibility Agreement and will fully comply with the conditions set forth above.

Buyer(s) Signature: Stephanie Russell Date: 1/30/2012

Print Name(s): STEPHANIE RUSSELL - EWR SERVICES LLC

The Realty House

(12)

# FINANCING ADDENDUM
# CONVENTIONAL OR PRIVATELY INSURED CONVENTIONAL MORTGAGE

Page 1/30/2012

Property located at 3214 Tyler St. NE

If the Written Statement is not provided by the date specified on line 24, Seller may, at Seller's option, declare this Purchase Agreement canceled by written notice to Buyer at any time prior to Seller receiving the Written Statement, in which case this Purchase Agreement is canceled. In the event Seller declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.

If the Written Statement is not provided, and Seller has not previously canceled this Purchase Agreement, this Purchase Agreement is canceled as of the closing date specified in this Purchase Agreement. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer.

**PRIVATE MORTGAGE INSURANCE (PMI):** PMI may be required by the lending institution(s). Buyer agrees to pay all subsequent years' mortgage insurance premiums as required by the lending institution(s). The said mortgage insurance premiums will increase the mortgage amount unless paid in cash at closing.

**LOCKING OF MORTGAGE INTEREST RATE (RATE):** The Rate shall be locked with the lender(s) by Buyer *(check one)*:

☐ **WITHIN FIVE (5) BUSINESS DAYS OF FINAL ACCEPTANCE OF THIS PURCHASE AGREEMENT; OR**

☒ **AT ANY TIME PRIOR TO CLOSING OR AS REQUIRED BY LENDER(S).**

**LENDER COMMITMENT WORK ORDERS:** Nothing in this Purchase Agreement shall be construed as a warranty that Seller shall make repairs required by the lender commitment. However, Seller agrees to pay up to $ -0- to make repairs as required by the lender commitment. If the lender commitment is subject to any work orders for which the cost of making said repairs shall exceed this amount, Seller shall have the following options:

(a) making the necessary repairs; or
(b) negotiating the cost of making said repairs with Buyer; or
(c) declaring this Purchase Agreement canceled, in which case this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer, unless Buyer provides for payment of the cost of said repairs or escrow amounts related thereto above the amount specified on line 62 of this Addendum.

**OTHER:** Rehab Loan — No Appraisal and/or Inspection

______________________ (Seller) (Date) Stephanie Russell 1/30/12 (Buyer) (Date)

______________________ (Seller) (Date) ______________________ (Buyer) (Date)

**THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S). IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**





# ARBITRATION DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT

This form approved by the Minnesota Association of REALTORS®, which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

## ARBITRATION DISCLOSURE

You have the right to choose whether to have any disputes about disclosure of material facts affecting the use or enjoyment of the property that you are buying or selling decided by binding arbitration or by a court of law. By agreeing to binding arbitration, **you give up your right to go to court.** By signing the RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT (ARBITRATION AGREEMENT) on page two, you agree to binding arbitration under the Residential Real Property Arbitration System (Arbitration System) administered by National Center for Dispute Settlement (NCDS) and endorsed by the Minnesota Association of REALTORS® (MNAR). The ARBITRATION AGREEMENT is enforceable only if it is signed by all buyers, sellers and licensees representing or assisting the buyers and the sellers. The ARBITRATION AGREEMENT is not part of the *Purchase Agreement*. **Your *Purchase Agreement* will still be valid whether or not you sign the ARBITRATION AGREEMENT.**

The Arbitration System is a private dispute resolution system offered as an alternative to the court system. It is not government sponsored. NCDS and the MNAR jointly adopt the rules that govern the Arbitration System. NCDS and the MNAR are not affiliated. Under the ARBITRATION AGREEMENT you must use the arbitration services of NCDS.

All disputes about or relating to disclosure of material facts affecting the use or enjoyment of the property, excluding disputes related to title issues, are subject to arbitration under the ARBITRATION AGREEMENT. This includes claims of fraud, misrepresentation, warranty and negligence. Nothing in this Agreement limits other rights you may have under MN Statute 327A (statutory new home warranties) or under private contracts for warranty coverage. An agreement to arbitrate does not prevent a party from contacting the Minnesota Department of Commerce, the state agency that regulates the real estate profession, about licensee compliance with state law.

The administrative fee for the Arbitration System varies depending on the amount of the claim, but it is more than initial court filing fees. In some cases, conciliation court is cheaper than arbitration. The maximum claim allowed in conciliation court is $7,500. This amount is subject to future change. In some cases, it is quicker and less expensive to arbitrate disputes than to go to court, but the time to file your claim and pre-hearing discovery rights are limited. The right to appeal an arbitrator's award is very limited compared to the right to appeal a court decision.

**A request for arbitration must be filed within 24 months of the date of the closing on the property or else the claim cannot be pursued. In some cases of fraud, a court or arbitrator may extend the 24-month limitation period provided herein.**

A party who wants to arbitrate a dispute files a Demand, along with the appropriate administrative fee, with NCDS. NCDS notifies the other party, who may file a response. NCDS works with the parties to select and appoint an arbitrator to hear and decide the dispute. A three-arbitrator panel will be appointed instead of a single arbitrator at the request of any party. The party requesting a panel must pay an additional fee. Arbitrators have backgrounds in law, real estate, architecture, engineering, construction or other related fields.

Arbitration hearings are usually held at the home site. Parties are notified about the hearing at least 14 days in advance. A party may be represented by a lawyer at the hearing if he or she gives five (5) days advance notice to the other party and to NCDS. Each party may present evidence, including documents or testimony by witnesses. The arbitrator must make any award within 30 days from the final hearing date. The award must be in writing and may provide any remedy the arbitrator considers just and equitable that is within the scope of the parties' agreement. The arbitrator does not have to make findings of fact that explain the reason for granting or denying an award. The arbitrator may require the party who does not prevail to pay the administrative fee.

**This Arbitration Disclosure provides only a general description of the Arbitration System and a general overview of the Arbitration System rules.** For specific information regarding the administrative fee, please see the Fee Schedule located in the NCDS Rules. Copies of the Arbitration System rules are available from NCDS by calling (888) 832-4792 or on the Web at www.ncdsusa.org or from your REALTOR®. If you have any questions about arbitration, call NCDS at (888) 832-4792 or consult a lawyer.

---

**THE RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT IS A LEGALLY BINDING CONTRACT BETWEEN BUYERS, SELLERS AND LICENSEES. IF YOU DESIRE LEGAL ADVICE, CONSULT A LAWYER.**

The Realty House

## ARBITRATION DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT

**THIS IS AN OPTIONAL, VOLUNTARY AGREEMENT.**
**READ THE ARBITRATION DISCLOSURE ON PAGE ONE IN FULL BEFORE SIGNING.**

## RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT

For the property located at 3214 Tyler St. NE

City of Mpls, County of Hennepin, State of Minnesota.

Any dispute between the undersigned parties, or any of them, about or relating to material facts affecting the use or enjoyment of the property, excluding disputes related to title issues of the property covered by the *Purchase Agreement* dated 1/30, 20 12, including claims of fraud, misrepresentation, warranty and negligence, shall be settled by binding arbitration. National Center for Dispute Settlement shall be the arbitration service provider. The rules adopted by National Center for Dispute Settlement and the Minnesota Association of REALTORS® shall govern the proceeding(s). The rules that shall govern the proceeding(s) are those rules in effect at the time the Demand for Arbitration is filed and include the rules specified in the Arbitration Disclosure on page one. This Agreement shall survive the delivery of the deed or contract for deed in the *Purchase Agreement*. This Agreement is only enforceable if all buyers, sellers and licensees representing or assisting the buyers and sellers have agreed to arbitrate as acknowledged by signatures below.

| | |
|---|---|
| (Seller's Signature) (Date) | Stephanie Russell 1/30/12<br>(Buyer's Signature) (Date)<br>EWR Services, LLC |
| (Seller's Printed Name) | STEPHANIE RUSSELL<br>(Buyer's Printed Name) |
| (Seller's Signature) (Date) | (Buyer's Signature) (Date) |
| (Seller's Printed Name) | (Buyer's Printed Name) |
| (Licensee Representing or Assisting Seller) (Date) | [signature] 1-30-12<br>(Licensee Representing or Assisting Buyer) (Date) |
| (Company Name) | THE REALTY HOUSE<br>(Company Name) |

**THE RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT IS A LEGALLY BINDING CONTRACT BETWEEN BUYERS, SELLERS AND LICENSEES. IF YOU DESIRE LEGAL ADVICE, CONSULT A LAWYER.**



COLDWELL BANKER
BURNET
CBBURNET.com

15

# SELLER'S DISCLOSURE ALTERNATIVES

This form approved by the Minnesota Association of REALTORS®, which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

1. Date 12/1/10

2. Page 1 of ______ pages

Property located at 3214 Tyler St. NE,

City of MINNEAPOLIS, County of HENNEPIN, State of Minnesota.

**NOTICE**

Sellers of residential property, with limited exceptions, are obligated to satisfy the requirements of MN Statutes 513.52 through 513.60. **To comply with the statute, Seller must provide either a written disclosure to the prospective Buyer (see *Seller's Property Disclosure Statement*) or satisfy one of the following two options:**

***(Select one option only.)***

1) ☒ **QUALIFIED THIRD-PARTY INSPECTION:** Seller shall provide to prospective Buyer a written report that discloses material information relating to the real property that has been prepared by a qualified third party. "Qualified third party" means a federal, state or local governmental agency, or any person whom Seller or prospective Buyer reasonably believes has the expertise necessary to meet the industry standards of practice for the type of inspection or investigation that has been conducted by the third party in order to prepare the written report.

**Seller shall disclose to prospective Buyer material facts known by Seller that contradict any information that is included in a written report, or material facts known by Seller that are not included in the report.**

The inspection report was prepared by Greg Comer

Inspector / Mpls. Truth in Housing,

and dated 4/29, 20 10.

Seller discloses to Buyer the following material facts known by Seller that contradict any information included in the above referenced inspection report.

______

______

______

______

______

Seller discloses to Buyer the following material facts known by Seller that are not included in the above referenced inspection report.

______

______

______

______

______

2) ☐ **WAIVER:** The written disclosure required may be waived if Seller and prospective Buyer agree in writing. Seller and Buyer hereby waive the written disclosure required under MN Statutes 513.52 through 513.60.

**Waiver of the disclosure required under MN Statutes 513.52 through 513.60 does not waive, limit or abridge any obligation for Seller disclosure created by any other law.**

**ORIGINAL COPY TO LISTING BROKER; COPIES TO SELLER, BUYER, SELLING BROKER.**



COLDWELL BANKER BURNET CBBURNET.com

## SELLER'S DISCLOSURE ALTERNATIVES

Property located at 3214 Tyler St. NE.

**OTHER REQUIRED DISCLOSURES:**

**NOTE:** In addition to electing one of the above alternatives to the material fact disclosure, Minnesota law also requires sellers to provide other disclosures to prospective buyers, such as those disclosures listed below. Additionally, there may be other required disclosures by federal, state, local or other governmental entities that are not listed below.

**A. SUBSURFACE SEWAGE TREATMENT SYSTEM DISCLOSURE:** (A subsurface sewage treatment system disclosure is required by MN Statute 115.55.) *(Check appropriate box.)*

Seller certifies that Seller ☐ **DOES** ☒ **DOES NOT** *(Check one.)* know of a subsurface sewage treatment system on or serving the above-described real property. (If answer is **DOES**, and the system does not require a state permit, see *Subsurface Sewage Treatment System Disclosure Statement.*)

☐ There is a subsurface sewage treatment system on or serving the above-described real property. *(See Subsurface Sewage Treatment System Disclosure Statement.)*

☐ There is an abandoned subsurface sewage treatment system on the above-described real property. *(See Subsurface Sewage Treatment System Disclosure Statement.)*

**B. PRIVATE WELL DISCLOSURE:** (A well disclosure and Certificate are required by MN Statute 103I.235.) *(Check appropriate box.)*

☒ Seller certifies that Seller does not know of any wells on the above-described real property.

☐ Seller certifies there are one or more wells located on the above-described real property. *(See Well Disclosure Statement.)*

Are there any wells serving the above-described property that are not located on the property? ☐ Yes ☐ No

Contaminated Well: Is there a well on or serving the property that contains contaminated water? ☐ Yes ☐ No

To your knowledge, is the property in a Special Well Construction Area? ☐ Yes ☐ No

Comments: ______

**C. VALUATION EXCLUSION DISCLOSURE:** (Required by MN Statute 273.11, Subd. 16)

There ☐ **IS** ☒ **IS NOT** *(Check one.)* an exclusion from market value for home improvements on this property. Any valuation exclusion shall terminate upon sale of the property, and the property's estimated market value for property tax purposes shall increase. If a valuation exclusion exists, Buyers are encouraged to look into the resulting tax consequences.

Additional comments: ______

______

**D. METHAMPHETAMINE PRODUCTION DISCLOSURE:**

(A methamphetamine production disclosure is required by MN Statute 152.0275, Subd. 2 (m).)

☒ Seller is not aware of any methamphetamine production that has occurred on the property.

☐ Seller is aware that methamphetamine production has occurred on the property. *(See Methamphetamine Production Disclosure Statement.)*

**E. NOTICE REGARDING AIRPORT ZONING REGULATIONS:** The property may be in or near an airport safety zone with zoning regulations adopted by the governing body that may affect the property. Such zoning regulations are filed with the county recorder in each county where the zoned area is located. If you would like to determine if such zoning regulations affect the property, you should contact the county recorder where the zoned area is located.

**ORIGINAL COPY TO LISTING BROKER; COPIES TO SELLER, BUYER, SELLING BROKER.**



(11)

# FINANCING ADDENDUM
# CONVENTIONAL OR PRIVATELY INSURED CONVENTIONAL MORTGAGE

This form approved by the Minnesota Association of REALTORS®, which disclaims any liability arising out of use or misuse of this form.
© 2011 Minnesota Association of REALTORS®, Edina, MN

1. Date 1/30/2012

2. Page ____________

Addendum to Purchase Agreement between parties, dated 1/30, 20 12, pertaining to the purchase and sale of the property at 3214 Tyler St. NE

____________

Financing will be [X] FIRST MORTGAGE only [ ] FIRST MORTGAGE AND SUBORDINATE FINANCING. *(Check one.)*

Buyer shall apply for and secure, at Buyer's expense, a [X] CONVENTIONAL [ ] PRIVATELY INSURED CONVENTIONAL *(Check one.)* Fixed *(e.g., fixed, ARM)* First Mortgage amortized monthly over a period of not more than 30 years, with an initial mortgage interest rate at no more than MARKET percent (%) per annum.

The mortgage application **IS TO BE MADE WITHIN FIVE (5) BUSINESS DAYS** after the Final Acceptance of this Purchase Agreement. Buyer agrees to use best efforts to secure a commitment for such financing and to execute all documents required to consummate said financing.

**SELLER'S CONTRIBUTIONS TO BUYER'S COSTS:** Seller [ ] IS [X] IS NOT *(Check one.)* contributing to Buyer's costs. If **IS**, see attached *Seller's Contributions to Buyer's Costs Addendum.*

**FINANCING CONTINGENCY:** This Purchase Agreement is contingent upon the following and applies to the first mortgage and any subordinate financing.
*(Check one.)*

[X] If Buyer cannot secure the financing specified in this Purchase Agreement, and this Purchase Agreement does not close on the closing date specified, this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money to be [X] REFUNDED TO BUYER [ ] FORFEITED TO SELLER. *(Check one.)*

[ ] Buyer shall provide Seller, or licensee representing or assisting Seller, with the Written Statement, on or before ____________, 20 ______.

For purposes of this Contingency, **"Written Statement"** means a Written Statement prepared by Buyer's mortgage originator(s) or lender(s) after the Final Acceptance Date that Buyer is approved for the loan(s) specified in this Purchase Agreement, including both the first mortgage and any subordinate financing, if any, and stating that an appraisal, satisfactory to the lender(s), has been completed and stating conditions required by lender(s) to close the loan.

Upon delivery of the Written Statement to Seller, or licensee representing or assisting Seller, the responsibility for satisfying all conditions, except work orders, required by mortgage originator(s) or lender(s) are deemed accepted by Buyer. Upon delivery of the Written Statement, if this Purchase Agreement does not close on the stated closing date for ANY REASON relating to financing, other than Seller's failure to complete work orders to the extent required by this Purchase Agreement, including but not limited to interest rate and discount points, if any, Seller may, at Seller's option, declare this Purchase Agreement canceled, in which case this Purchase Agreement is canceled. If Seller declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be forfeited to Seller as liquidated damages. In the alternative, Seller may seek all other remedies allowed by law.

**THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
**IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**



COLDWELL BANKER BURNET
CBBURNET.com

Property located at 3214 Tyler St. NE

F. SR (Initial) ______ (Initial) ***Buyer has had the opportunity to review page four (4) of this Agreement.***

**G. NOTICE REGARDING CARBON MONOXIDE DETECTORS:**
MN Statute 299F.51 requires Carbon Monoxide Detectors to be located within ten (10) feet from all sleeping rooms. Carbon Monoxide Detectors may or may not be personal property and may or may not be included in the sale of the home.

**H. NOTICE REGARDING PREDATORY OFFENDER INFORMATION: Information regarding the predatory offender registry and persons registered with the predatory offender registry under MN Statute 243.166 may be obtained by contacting the local law enforcement offices in the community where the property is located or the Minnesota Department of Corrections at (651) 361-7200, or from the Department of Corrections web site at www.corr.state.mn.us.**

**I. SELLER'S STATEMENT:**
*(To be signed at time of listing.)*
Seller(s) hereby authorizes any licensee(s) representing or assisting any party(ies) in this transaction to provide a copy of this Disclosure to any person or entity in connection with any actual or anticipated sale of the property.

[signature] 12-1-10 ______________________
(Seller) (Date) (Seller) (Date)

**J. BUYER'S ACKNOWLEDGEMENT:**
*(To be signed at time of purchase agreement.)*
I/We, the Buyer(s) of the property, acknowledge receipt of this SELLER'S DISCLOSURE ALTERNATIVES form and agree to the seller's disclosure option selected in this form. I/We further agree that no representations regarding material facts have been made, other than those made in this form.

Stephanie Russell 1/30/12 ______________________
(Buyer) (Date) (Buyer) (Date)

**K. ADDITIONAL DISCLOSURES:** ______________________

**L. SELLER'S ACKNOWLEDGEMENT:**
*(To be signed at time of purchase agreement.)*
AS OF THE DATE BELOW, I/we, the Seller(s) of the property, state that the material facts are the same, except for changes as indicated below, which have been signed and dated.

______________________ ______________________
(Seller) (Date) (Seller) (Date)

**ORIGINAL COPY TO LISTING BROKER; COPIES TO SELLER, BUYER, SELLING BROKER.**





**M. OTHER INFORMATION:**

**WATER INTRUSION AND MOLD GROWTH:** Recent studies have shown that various forms of water intrusion affect many homes. Water intrusion may occur from exterior moisture entering the home and/or interior moisture leaving the home.

Examples of exterior moisture sources may be

- improper flashing around windows and doors,
- improper grading,
- flooding,
- roof leaks.

Examples of interior moisture sources may be

- plumbing leaks,
- condensation (caused by indoor humidity that is too high or surfaces that are too cold),
- overflow from tubs, sinks or toilets,
- firewood stored indoors,
- humidifier use,
- inadequate venting of kitchen and bath humidity,
- improper venting of clothes dryer exhaust outdoors (including electrical dryers),
- line-drying laundry indoors,
- houseplants—watering them can generate large amounts of moisture.

In addition to the possible structural damage water intrusion may do to the property, water intrusion may also result in the growth of mold, mildew and other fungi. Mold growth may also cause structural damage to the property. Therefore, it is very important to detect and remediate water intrusion problems.

Fungi are present everywhere in our environment, both indoors and outdoors. Many molds are beneficial to humans. However, molds have the ability to produce mycotoxins that may have a potential to cause serious health problems, particularly in some immunocompromised individuals and people who have asthma or allergies to mold.

To complicate matters, mold growth is often difficult to detect, as it frequently grows within the wall structure. If you have a concern about water intrusion or the resulting mold/mildew/fungi growth, you may want to consider having the property inspected for moisture problems before entering into a purchase agreement or as a condition of your purchase agreement. Such an analysis is particularly advisable if you observe staining or any musty odors on the property.

For additional information about water intrusion, indoor air quality, moisture or mold issues, go to the Minnesota Association of REALTORS® web site at www.mnrealtor.com.

**LISTING BROKER AND LICENSEES MAKE NO REPRESENTATIONS AND ARE NOT RESPONSIBLE FOR ANY CONDITIONS EXISTING IN THE PROPERTY.**

**ORIGINAL COPY TO LISTING BROKER; COPIES TO SELLER, BUYER, SELLING BROKER**



# ADDENDUM TO PURCHASE AGREEMENT DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS

This form approved by the Minnesota Association of REALTORS®, which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

Date 1/30/12

Page ________

Addendum to Purchase Agreement between parties, dated 1/30, 20 12, pertaining to the purchase and sale of the property at 3214 Tyler St NE Minneapolis, MN 55418.

**Section I: Lead Warning Statement**

*Every buyer of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.*

**Seller's Disclosure** *(initial)*

AH ______ (a) Presence of lead-based paint and/or lead-based paint hazards. *(Check one below.)*

☐ Known lead-based paint and/or lead-based paint hazards are present in the housing *(explain)*:

________________________________

☒ Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

AH ______ (b) Records and reports available to the seller. *(Check one below.)*

☐ Seller has provided Buyer with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing *(list documents below)*:

________________________________

☒ Seller has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Buyer's Acknowledgment** *(initial)*

SR ______ (c) Buyer has received copies of all information listed under (b) above.

SR ______ (d) Buyer has received the pamphlet, *Protect Your Family from Lead in Your Home.*

SR ______ (e) Buyer has *(check one below)*:

☐ Received a 10-day opportunity (or mutually agreed-upon period) to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards *(if checked, see Section II on page 2)*; or

☒ Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards.



# ADDENDUM TO PURCHASE AGREEMENT
# DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS

COLDWELL BANKER BURNET

Page ______________

Property located at 3214 Tyler St. NE ______________.

**Real Estate Licensee's Acknowledgement** *(initial)*

[initials] (f) Real estate licensee has informed Seller of Seller's obligations under 42 U.S.C. 4852(d) and is aware of licensee's responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| | |
|---|---|
| [signature] 12-1-10<br>(Seller) (Date) | Stephanie Russell 1/20/12<br>(Buyer) (Date) |
| ______________<br>(Seller) (Date) | ______________<br>(Buyer) (Date) |
| [signature] 12/1/10<br>(Real Estate Licensee) (Date) | ______________<br>(Real Estate Licensee) (Date) |

**Section II: Contingency** *(initial only if first box under (e) is checked in **Buyer's Acknowledgment** above.)*

This contract is contingent upon a risk assessment or an inspection of the property for the presence of lead-based paint and/or lead-based paint hazards to be conducted at Buyer's expense. The assessment or inspection shall be completed within ☐ ten (10) ☐ __________ *(Check one.)* calendar days after Final Acceptance of the Purchase Agreement. This contingency shall be deemed removed, and the Purchase Agreement shall be in full force and effect, unless Buyer or real estate licensee representing or assisting Buyer delivers to Seller or real estate licensee representing or assisting Seller, within three (3) calendar days after the assessment or inspection is timely completed, a written list of the specific deficiencies and the corrections required, together with a copy of any risk assessment or inspection report. If Seller and Buyer have not agreed in writing within three (3) calendar days after delivery of the written list of required corrections that: (A) some or all of the required corrections will be made; or (B) Buyer waives the deficiencies; or (C) an adjustment to the purchase price will be made; this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to Buyer. It is understood that Buyer may unilaterally waive deficiencies or defects, or remove this contingency, providing that Buyer or real estate licensee representing or assisting Buyer notifies Seller or real estate licensee representing or assisting Seller of the waiver or removal, in writing, within the time specified.

22

5025

75-1041/27
960

EWR SERVICES LLC
3320 SKYCROFT DR.
ST. ANTHONY, MN 55418

DATE 1/30/12

PAY TO THE ORDER OF Coldwell Banker $ 500.00

Five hundred and no/100 DOLLARS

BremerBank
1-800-908-BANK (2265)
Bremer.com

MEMO Earnest # 3214 Tyler

Stephanie Russell

⑆096010415⑆ 0683⑈8357⑈ 05025